IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    v.<br><br>MALCOLM JUNFIJIAH,<br><br>           Defendant. | CRIMINAL ACTION<br>NO. 21-225-1 |

## OPINION

**Slomsky, J.**                                                                                                          **August 2, 2021**

**I.      INTRODUCTION**

Before the Court is Defendant Malcolm Junfijiah's Motion for Revocation of the Pretrial Detention Order and Pretrial Release ("Motion for Pretrial Release") pursuant to 18 U.S.C. § 3145(b). (Doc. No. 26.) On June 25, 2021, the Government filed a Motion for Pretrial Detention (Doc. No. 22), and on that same day, a hearing was held before United States Magistrate Judge Timothy R. Rice (Doc. No. 23). At the hearing, Judge Rice granted the Government's Motion for Pretrial Detention. (See id. at 1; Doc. No. 30 at 15:6-22.)

On July 1, 2021, Defendant filed the instant Motion, seeking revocation of the Detention Order and release from custody pending trial alleging he is not a flight risk or a danger to the community. (See Doc. No. 26 at 11.) On July 9, 2021, the Government filed a Response in Opposition to Defendant's Motion (Doc. No. 32), and on July 22, 2021, the Government filed a Supplemental Response in Opposition (Doc. No. 33). On July 27, 2021, the Court held a hearing, during which the parties presented arguments in support of their respective positions. (See Doc. No. 29.) For reasons that follow, the Court will grant Defendant's Motion for Pretrial Release. (Doc. No. 26.)

1

**II.    BACKGROUND**

On May 31, 2020, three pharmacies in Upper Darby, Pennsylvania, were broken into and burglarized: Rite Aid; Upper Darby Pharmacy; and Public Drug. (See Doc. Nos. 26 at 3 ¶¶ 8-9; 32 at 1.) At the time of the burglaries, "[t]he pharmacies were closed, no employees were present, no firearms were used, and no one was injured." (Doc. No. 26 at 4 ¶ 11.) The perpetrators of the burglaries caused significant property damage and stole thousands of dollars' worth of medications. (See Doc. No. 32 at 1-2.)

According to the Government, Delaware County authorities recovered surveillance videos from all three pharmacies showing Defendant and a coconspirator entering the pharmacies and searching for medications. (See id. at 2.) As alleged, in a surveillance video of the Upper Darby Pharmacy burglary, Defendant can be seen accessing a storage cabinet containing "Schedule II controlled substances such as oxycodone, amphetamine and hydrocodone" and "t[aking] multiple manufacturer's bottles of Schedule II drugs" before "fle[eing] the store." (Id. at 2-3.)

On July 24, 2020, Upper Darby Police arrested Defendant for state violations related to the May 31 burglaries. (See id. at 3.) During a subsequent search of Defendant's residence, police recovered, inter alia, a manufacturer's bottle of "extended release oxycodone[,]" known as Xtampza. (Id.) The Government further alleges that in the days following the burglaries, Defendant sent text messages advertising oxycodone pills for sale. (See id. at 3-4.) After his arrest for the state charges, bail was set for Defendant. (See Doc. No. 26 at 4 ¶ 14.) Defendant, however, was unable to post the requisite bail for his release and remained in the custody of Delaware County authorities. (See id. at 4-5 ¶¶ 14-17.)

On June 3, 2021, Defendant was indicted in the Eastern District of Pennsylvania on the following federal charges which cover the events described above that occurred on May 31, 2020: one count of conspiracy to commit pharmacy burglary, in violation of 18 U.S.C § 2118(d); three

counts of pharmacy burglary, in violation of 18 U.S.C. § 2118(b); and one count of possession with intent to distribute oxycodone, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C). (See Doc. No. 32 at 4.) Thereafter, in mid-June 2021, Defendant was transferred to Federal Detention Center in Philadelphia where he remains in federal custody. (See Doc. No. 26 at 5 ¶ 17.)

On June 25, 2021, the Government filed a Motion for Pretrial Detention (Doc. No. 22), and later that day, Magistrate Judge Rice held the hearing on the Motion (see Doc. No. 23). At the hearing, Judge Rice granted the Motion:

> I'm going to grant the Government's motion. I'm going to find . . . that [Defendant] has not rebutted the presumption created by the statute.[1] In the alternative, I'm going to find by clear and convincing evidence, independent of the presumption that he's a danger to the community and a risk of flight based on the penalties he faces and based on the nature of these charges. I'm just baffled with the argument that he was somebody caught up in the moment. Maybe if he burglarized one pharmacy, maybe. Two, come on. Three, no mistake. I agree with [the prosecutor]. He's an instigator, a leader. Walking around with a tire iron, breaking into pharmacies, targeting specific types of drugs, which he was then reselling from his house. He's a much more sophisticated individual than I think your bail papers suggest and that his family believes. So I find him to be a serious danger to our community and order that he be held pending trial.

(Doc. No. 30 at 15:6-22.)

On July 1, 2021, Defendant filed the instant Motion for Pretrial Release. (Doc. No. 26.) In his Motion, Defendant argues that he has rebutted the presumption in favor of detention and should be released pending trial on the federal charges because he is neither a flight risk nor a danger to the community, as evidenced by the circumstances underlying the offenses charged, his

---

[1] Under 18 U.S.C. § 3142(e)(3), there is a presumption "that no condition or combination of conditions will reasonably assure the appearance of [a defendant] as required and the safety of the community . . . [for] offense[s] for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. 801 et seq.) . . . ." § 3142(e)(3)(A). In Count V of the Indictment, Defendant is charged with one count of possession with intent to distribute oxycodone, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C). (See Doc. Nos. 1 at 9; 32 at 4.) The parties agree that this is an offense to which the statutory presumption in favor of detention applies. (See Doc. Nos. 26 at 6 ¶ 26; 32 at 4.)

3

strong family support and ties to the community, and minimal criminal history.[2]  (See id. at 11-13.) On July 9, 2021, the Government filed a Response in Opposition to the Motion (Doc. No. 32), and on July 22, 2021, it filed a Supplemental Response in Opposition (Doc. No. 33).  In opposing the Motion, the Government argues that Defendant should not be released pending trial because he has failed to rebut the statutory presumption and remains a danger to the community and a flight risk.  (See Doc. No. 32 at 8.)  In support of its position, the Government cites the nature of the charges and the penalties he faces, Defendant's actions, and the strength of the evidence.  (See id. at 4-7.)

### III.     JURISDICTION

In his Motion, Defendant moves for pretrial release, which is in essence a request for a review of Magistrate Judge Rice's June 25, 2021 Detention Order.  (See Doc. No. 30 at 15:6-22.) This Court has jurisdiction to review the Magistrate Judge's Detention Order under 18 U.S.C. § 3145(b).  Section 3145(b) "requires this Court to make a de novo determination of the findings of fact underlying the detention [o]rder."  United States v. Cole, 715 F. Supp. 677, 677 (E.D. Pa. 1988) (citing United States v. Delker, 757 F.2d 1390, 1394 (3d Cir. 1985)).

### IV.     LEGAL STANDARD

Pretrial detention of federal defendants is controlled by the Bail Reform Act of 1984, 18 U.S.C. § 3141 et seq.  In this Act, Congress created a comprehensive set of statutory guidelines governing release and detention decisions for criminal cases in federal court.  One precept is that persons must be released so long as the court can be reasonably assured that they do not pose a flight risk or danger to the community.  See 18 U.S.C. § 3142(b).  To that end, detention is the exception; and to the extent that conditions, or a combination of conditions, can be fashioned to

---

[2] Defendant has a prior conviction for misdemeanor possession of a personal use amount of marijuana and a summary offense for disorderly conduct.  (See Doc. No. 26 at 3 ¶ 7.)

reasonably provide such assurances, the individual must be released. See § 3142(c). In assessing what, if any, conditions can be fashioned, courts are directed to consider the factors enumerated in § 3142(g) and the statutory presumptions contained in § 3142(e).

Pursuant to 18 U.S.C. § 3142(e)(1), a defendant may be detained pending trial:

> If, after a hearing pursuant to the provisions of subsection (f) of this section, the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person in the community . . . .

§ 3142(e)(1). Furthermore:

> Subject to rebuttal by [a defendant], it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of [a defendant] as required and the safety of the community if the judicial officer finds that there is probable cause to believe that [a defendant] committed–
>
> > (A) an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. § 801 et seq.) . . . .

§ 3142(e)(3)(A); see also United States v. Strong, 775 F.2d 504, 507 (3d Cir. 1985) (noting that, in enacting 18 U.S.C. § 3142(e), Congress explicitly equated these drug offenses under the Controlled Substances Act with danger to the safety of the community for purposes of detaining a defendant pending trial). Once a defendant rebuts the presumption and the Court determines that he or she is neither a danger to the community nor a flight risk, the defendant "must be released on bail on the least restrictive condition or combination of conditions that will reasonably assure [his] appearance and the safety of the community." United States v. Abdullahu, 488 F. Supp. 2d 433, 437 (D.N.J. 2007); see also 18 U.S.C. § 3142(c)(1)(B).

V.   DISCUSSION

As noted above, Defendant is charged in the Indictment with one count of conspiracy to commit pharmacy burglary, in violation of 18 U.S.C § 2118(d); three counts of pharmacy burglary, in violation of 18 U.S.C. § 2118(b); and one count of possession with intent to distribute

oxycodone, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C).  (See Doc. No. 32 at 4.)  Possession with intent to distribute oxycodone (Count V) is an offense to which the rebuttable statutory presumption applies "that no condition or combination of conditions will reasonably assure the appearance of [a defendant] as required and the safety of the community . . . ."  18 U.S.C. § 3142(e)(3).  The statutory presumption therefore is triggered and the burden shifts to Defendant to rebut this presumption.  See id.; United States v. Levy, No. 08-393, 2008 WL 4978298, at *1 (E.D. Pa. Nov. 20, 2008) ("[A defendant] subject to the statutory presumption against bail . . . . b[ears] the burden of providing countervailing evidence supporting his pretrial release.").

Rebuttal evidence Defendant may put forward includes "'testimony by coworkers, neighbors, family physician, friends, or other associates concerning the arrestee's character, health, or family situation,' or evidence of steady employment."  Levy, 2008 WL 4978298, at *1 (quoting United States v. Perry, 788 F.2d 100, 115 (3d Cir. 1986)); see also United States v. Suppa, 799 F.2d 115, 120 (3d Cir. 1986).  Defendant may also proceed by proffer.  See Suppa, 799 F.2d at 118 (citing Delker, 757 F.2d at 1390; 18 U.S.C. § 3142(f)).  No single factor or combination of factors is dispositive.  See Levy, 2008 WL 4978298, at *1.  The ultimate determination on this issue is for the Court, "based on all evidence and arguments adduced."  Id. (citing Suppa, 799 F.2d at 118-19). The Court must consider Defendant's rebuttal evidence in light of certain factors, including: (1) the nature and circumstances of the offenses charged, including whether the offenses involve drugs or firearms;  (2) the weight of the evidence against Defendant;  (3) the history and characteristics of Defendant;  and (4) the nature and seriousness of the danger to the community that would be posed by Defendant's release.  See id.; 18 U.S.C. § 3142(g).

In the instant Motion, Defendant argues that he has overcome the statutory presumption because he is not a danger to the community or a flight risk.  First, Defendant avers that he has

lived in the Philadelphia area for over twenty years and has extensive family in and ties to the community. (See Doc. No. 26 at 12.) Second, Defendant argues that he is not a flight risk, citing in support a report prepared by a United States Pretrial Services Officer that assessed Defendant as posing a minimal risk of nonappearance. (See id. at 12-13, 23.) Third, Defendant submits that his strong community ties coupled with his minimal criminal history show that he is not a danger to the community. (See id. at 13.) At the hearing on the Motion held on July 27, 2021, Defendant's mother and aunt were present in the courtroom to show their support.

In its Response, the Government argues that Defendant has not overcome the statutory presumption, contending that Defendant is a danger to the community and a risk of flight based on the nature of the charges and the potential penalties[3] he faces. (See Doc. No. 32 at 5.) The Government states that the sophistication of the crimes alleged, Defendant's leadership role in the offenses, the strength of the evidence against him, and the seriousness of the controlled substance charge warrant pretrial detention. (See id. at 4-7.)

Here, Defendant has overcome the statutory presumption in favor of detention resulting from the possession with intent to distribute charge on Count V. While the Court acknowledges the seriousness of the offenses charged, the ultimate determination on release must be "based on all evidence and arguments adduced." Levy, 2008 WL 4978298, at *1. Based on the evidence and arguments in the record, the Court is persuaded that it can be reasonably assured that Defendant will not be a danger to the community nor a flight risk when a combination of certain stringent bail conditions are imposed as Ordered by the Court.

---

[3]  Based on the offenses charged in the Indictment, Defendant faces a potential maximum penalty of 20 years' imprisonment, followed by three years' supervised release. See 21 U.S.C. § 841(a)(1), (b)(1)(C). The parties stipulate that the applicable Federal Sentencing Guidelines range is 33-41 months' incarceration. (See Doc. Nos. 26 at 7 ¶ 32; 32 at 5.)

First, with respect to danger to the community, although burglary by itself is a serious crime which could lead to physical harm, at the time of the alleged burglaries, all three pharmacies "were closed, no employees were present, no firearms were used, and no one was injured." (Doc. No. 26 at 4 ¶ 11.) Further, Defendant, who is twenty-five years of age, has two nonviolent adult convictions for misdemeanor possession of a personal use amount of marijuana and a summary offense for disorderly conduct. (See id. at 13.) In addition, Defendant points out that from May 31, 2020, the date of the alleged offenses, to July 24, 2020, the date of his arrest, he was under surveillance by law enforcement in connection with the alleged crimes, and that during that time no criminal activity was observed. (See id.)

Second, with respect to the risk of flight, Defendant is a United States citizen who has lived in the Philadelphia area for over twenty years. (See id. at 2 ¶¶ 1-3.) He graduated from Upper Darby High School in 2015 and has held various jobs since graduating. (See id. at 3 ¶ 5.) Defendant avers that if released, he would live with his mother in her Upper Darby residence. (See id. at 12.) At the July 27, 2021 hearing, Defendant's mother and aunt were present in the courtroom. Moreover, the evidence underlying Count V of the Indictment—the offense to which the statutory presumption applies—is largely circumstantial, as it is based upon a few text messages from the days following the burglaries purporting to advertise the stolen substances for sale. (See id. at 6 ¶ 26.) In addition, although Defendant's sentence is within the Court's discretion, the Federal Sentencing guideline range is 33-41 months' incarceration. (See id. at 7 ¶ 32.) Defendant has already been detained for 12 months, and if this time is applied to his federal sentence, he would be facing what may be a sentence less than the Guideline range. (See id. at 7 ¶ 33.) Moreover, the U.S. Pretrial Services Officer assessed Defendant as posing a minimal risk of nonappearance and stated that he does not have a history of failure to appear. (See id. at 23.)

8

The Pretrial Services report concluded with a recommendation that Defendant be released on a $75,000 Unsecured Bond with the following conditions:

1. Report to U.S. Pretrial Services as directed.

2. Refrain from use or unlawful possession of a narcotic drug or other controlled substances defined in 21 U.S.C. [§] 802, unless prescribed by a licensed medical practitioner.

3. Submit to substance abuse testing.

4. Participate in drug treatment/counseling if necessary, as directed by U.S. Pretrial Services.

5. Surrender/ Do not obtain any passports.

6. Travel Restricted to Eastern District of Pennsylvania unless permitted by U.S. Pretrial Services.

7. No contact with co-defendants, victims or potential witnesses[.]

8. Obtain and maintain verifiable employment.

9. Surrender/ Do not possess firearms or other weapons.

10. Maintain residence with his mother, Martha Keh at 245 Shirley Rd., Upper Darby, Pennsylvania 19082[.]

(Id.)

These conditions, along with home confinement with electronic monitoring, will reasonably assure that Defendant is not a danger to the community or a flight risk.

**VI.   CONCLUSION**

For the foregoing reasons, Defendant's Motion for Pretrial Release (Doc. No. 26) will be granted. An appropriate Order with all the conditions of bail will be issued along with this Opinion. The conditions are as follows:

1. Defendant is released on bail in the amount of $75,000 Unsecured Bond.

2. Defendant shall report to U.S. Pretrial Services as directed by Pretrial Services.

3. Defendant shall submit to random drug testing as directed by Pretrial Services.

4. Defendant shall refrain from excessive use of alcohol or from any use or unlawful possession of a narcotic drug or other controlled substance, as defined in Section 102 of the Controlled Substance Act, 21 U.S.C. § 802, without a prescription by a licensed medical practitioner.

5. Defendant shall undergo drug/alcohol treatment if necessary as determined and directed by Pretrial Services.

6. Defendant shall submit to location monitoring at the following address: 245 Shirley Rd., Upper Darby, Pennsylvania 19082.

7. Defendant shall be restricted to 24-hour-a-day lockdown at his residence except for medical necessities and court appearances or other activities specifically approved by the Court.

8. Defendant shall surrender and/or refrain from obtaining a passport.

9. Travel is restricted to the Eastern District of Pennsylvania.

10. Defendant shall surrender and/or refrain from obtaining or possessing any firearms or other weapons. Any other firearms in any premises where Defendant resides while under supervision must be removed from the premises and no firearms are to be brought into the premises during this period. Defendant shall execute a completed Probation on Possession of Firearms Agreement.

11. Defendant shall have no contact with codefendants, potential witnesses or victims in this case, or individuals engaged in criminal activity.

12. Defendant must reside at: 245 Shirley Rd., Upper Darby, Pennsylvania 19082 with his mother, Martha Keh.

13. Defendant is quarantined to his residence for a period of fourteen (14) days upon his release from detention. After said quarantine, Pretrial Services will attach a location monitoring bracelet on Defendant and any necessary equipment inside of his residence.

14. Defendant shall not commit a Federal, State, or local crime during the period of release. The commission of a Federal offense while on pretrial release will result in an additional sentence of a term of imprisonment of not more than 10 years, if the offense is a felony; or a term of imprisonment of not more than 1 year, if the offense is a misdemeanor. This sentence shall be in addition to any other sentence.

15. Any violation of the conditions of release shall result in revocation of bail, and imprisonment, pending trial.